UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

Thurgood Marshall U.S. Courthouse   40 Foley Square, New York, NY 10007 Telephone: 212-857-8500

MOTION INFORMATION STATEMENT

Docket Number(s): 25-752, 25-751, 25-748, 25-758, 25-742, 25-757, 25-740, 25-745

Caption [use short title]

Motion for:

Dispositive Motion for Summary reversal

Set forth below precise, complete statement of relief sought:

Plaintiff-Appellant seeks the Court forego briefing and grant Summary reversal based on Clearly established law, precedent, and sufficiently pled complaints.

Schulte v. Warden MAAT, 25-751
Schulte v. U.S. Federal BOP, 25-752
Schulte v. Warden, MDC, 25-748
Schulte v. United States, 25-758
Schulte v. Denton, Jr., 25-757
Schulte v. United States, 25-742
Schulte v. Warden, MDC, 25-740
Schulte v. Ma'at, 25-745

MOVING PARTY: Joshua Adam Schulte        OPPOSING PARTY: United States of America

☐ Plaintiff          ☐ Defendant
☑ Appellant/Petitioner   ☐ Appellee/Respondent

MOVING ATTORNEY: pro se        OPPOSING ATTORNEY: Varuni Nelson, AUSA

[name of attorney, with firm, address, phone number and e-mail]

#79471054
U.S. Penitentiary Max, P.O. Box 8500
Florence, CO 81226

U.S. Attorney's Office – EDNY
271-A Cadman Plaza East – 7th Floor
Brooklyn, NY 11201   718-254-6015

Court- Judge/ Agency appealed from: Eric R. Komitee, USDJ, EDNY        Varuni.Nelson@usdoj.gov

Please check appropriate boxes:

Has movant notified opposing counsel (required by Local Rule 27.1):
☐ Yes ☑ No (explain): Incarcerated pro se

Opposing counsel's position on motion:
☐ Unopposed ☐ Opposed ☑ Don't Know
Does opposing counsel intend to file a response:
☐ Yes ☐ No ☑ Don't Know

Is oral argument on motion requested? ☐ Yes ☑ No (requests for oral argument will not necessarily be granted)

Has argument date of appeal been set? ☐ Yes ☑ No If yes, enter date: _____

Signature of Moving Attorney:
_____ Date: 4/29/25   Service by: ☐ CM/ECF ☑ Other [Attach proof of service]

FOR EMERGENCY MOTIONS, MOTIONS FOR STAYS AND INJUCTIONS PENDING APPEAL:
Has this request for relief been made below? ☐ Yes ☐ No
Has this relief been previously sought in this court? ☐ Yes ☐ No
Requested return date and explanation of emergency:

Form T-1080 (rev.12-13)

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

Joshua Adam Schulte,

        Plaintiff-Appellant

      v.

United States of America, et al.,

        Defendants-Appellees.

Docket Nos.
25-740
25-742
25-745
25-748
25-751
25-752
25-757
25-758

MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFF-APPELLANT'S MOTION FOR
SUMMARY REVERSAL OF THE DISTRICT
COURT'S SUA SPONTE DISMISSAL ORDER
OF ALL COMPLAINTS

# TABLE OF CONTENTS

I. PRELIMINARY STATEMENT.................................. 1

II. CLEAR FACIAL ERRORS REQUIRE REVERSAL................ 2

    A. Sua Sponte Dismissal Necessitates Automatic Reversal........ 2

    B. Failure to Review All Counts or Link Dismissed Counts to Specific Complaints Necessitates Automatic Reversal.................................. 4

    C. A Litigant is Not Compelled to Anticipate Potential Affirmative Defenses.................................. 4

III. ALL COUNTS OF ALL COMPLAINTS SUFFICIENTLY PLED.... 5

    A. "RFRA"/25-752/EDNY 24-CV-332.................. 6

    B. "React Book"/25-751/EDNY 23-CV-5241.......... 6

    C. "Incoming Mail"/25-748/EDNY 23-CV-5488........ 6

    D. "Monetary Damages from MDC"/25-758/EDNY 23-CV-8513........ 7

    E. "Laptop"/25-742 & 25-757/EDNY 22-CV-5841 & 23-CV-5656.......... 7

        1. 22-CV-5841.................................. 8

        2. 23-CV-5656.................................. 8

    F. "Habeas"/25-740/EDNY 22-CV-766.............. 9

    G. "Commissary"/25-745/EDNY 23-CV-4855.......... 11

IV. DENIAL OF MOTION FOR COUNSEL WAS ERROR.......... 11

V. REASSIGN DISTRICT JUDGE ON REMAND.............. 13

VI. CONCLUSION.................................. 15

# I. PRELIMINARY STATEMENT

Plaintiff-Appellant Joshua Schulte seeks summary reversal for all 8 complaints erroneously dismissed in Judge Komitee's 28 U.S.C. § 1915(e)(2) 9/4/24 Sua Sponte Dismissal Order ("The Order"). While "[S]ummary [disposition] of a district court's decision in place of full merits briefing.... is, and should be treated as a rare exception to the completion of the appeal process," U.S. v. Davis, 598 F.3d 10,13 (2d Cir. 2010), eight seperate briefs are unnecessary as The Order lacks an arguable basis in both law and fact — this court need only review The Order and at most, the complaints, and apply clearly established law to reach the only conclusion.

Prima facie, from a structural and facial basis, the unprecedented Sua sponte summary dismissal of eight complaints constitutes clear, reversible error for failing to afford Plaintiff an opportunity to be heard; for failing to address all counts in all complaints; and for failing to properly structure the order to enable this court to discern on review which complaint or counts the Order is referring.

Next, the Order is replete with erroneous law that contradicts both Supreme Court and Second Circuit precedent; it constitutes clear, reversible error for asserting affirmative defenses that the complaints are not required to address; for asserting res judicata defenses for issues

1

adjudicated on improper venue grounds and not on the merits; for abrogating Supreme Court precedent in Tanzin v. Tanvir, 592 U.S. 43 (2020) and Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388 (1971).

Judge Komitee does not even state the facts, stooping so low as to fabricate non-existent 42 U.S.C. § 1983 claims to dismiss; falsify non-existent national security circumstances to dismiss Bivens claims, and invent baseless falsehoods to deprive Mr. Schulte of his civil rights.

Finally, Judge Komitee erroneously denied Mr. Schulte's motion for assignment of counsel.

Accordingly, not only should the court reverse the dismissals of all eight complaints, the denial of assignment of counsel, but it should also remand to a different district judge who will follow the law and ensure Mr. Schulte's civil rights are protected.

## II. CLEAR FACIAL ERRORS REQUIRE REVERSAL

Before even reaching the merits of the complaints themselves facial errors in The Order require this court to enter a reversal order.

### A. Sua Sponte Dismissal Necessitates Automatic Reversal

An opportunity to be heard prior to dismissing a case is not a

mere formality and the reasons straightforward: "No principle is more fundamental to our system of judicial administration than that a person is entitled to notice before adverse judicial action is taken against him." Lugo v. Keane, 15 F.3d 29, 30 (2d Cir. 1994) (per curiam). This is because "providing the adversely affected party with notice and an opportunity to be heard plays an important role in establishing the fairness and reliability of" the court's decision and "avoids the risk that the court may overlook valid answers to its perception of defects in the plaintiff's case." Snider v. Melindez, 199 F.3d 108, 113 (2d Cir. 1999). Sua sponte dismissals without notice and an opportunity to be heard "deviate from the traditions of the adversarial system" and "tend to produce the very effect they seek to avoid—a waste of judicial resources—by leading to appeals and remands." Perez v. Ortiz, 849 F.2d 793, 797 (2d Cir. 1988).

The district court's unprecedented dismissal of 8 complaints without affording Mr. Schulte an opportunity to oppose the dismissal therefore necessitates automatic reversal. This Circuit has often admonished that dismissing a case without an opportunity to be heard is, at a minimum, bad practice in numerous contexts and reversible error in others. "The district court has no authority to dismiss a complaint for failure to state a claim upon which relief can be granted without giving the plaintiff an opportunity to be heard."

3

Square D Co. v. Niagara Frontier Bureau, Inc., 760 F.2d 1347, 1365 (2d Cir. 1985) (Friendly, J.). Indeed, failure to afford an opportunity to oppose a contemplated sua sponte dismissal "is, by itself, grounds for reversal." Id.

B. Failure to Review All Counts or Link Dismissed Counts to Specific Complaints Necessitates Automatic Reversal

Judge Komitee's Order purported to dismiss 8 distinct civil complaints without properly detailing which dismissal in his Order pertained to which count of which complaint — or indeed enumerating the counts themselves — rendering appellate review impossible. Thus, automatic reversal is necessary.

C. A Litigant is Not Compelled to Anticipate Potential Affirmative Defenses

Judge Komitee's Order purports to dismiss the 8 complaints based on failure to state a claim, but in actuality raises affirmative defenses as if Judge Komitee were still an AUSA.

The pleading requirements in the Federal Rules of Civil Procedure do not compel a litigant to anticipate potential affirmative defenses such as the statute of limitations, and to affirmatively plead facts in avoidance of such defenses. See Jones v. Bock, 127 S. ct. 910, 920 (2007) (holding that 28 U.S.C. § 1915A does not require prisoners affirmatively to plead that they have exhausted their administrative remedies). Instead, Rule 8 requires a plaintiff to provide only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8. Hence, all affirmative defenses raised by Judge Komitee in the Order are not valid reasons to dismiss; thus, automatic reversal is necessary.

4

# III. ALL COUNTS OF ALL COMPLAINTS SUFFICIENTLY PLED

This court reviews de novo a district court's dismissal under 28 U.S.C. § 1915(e)(2). Giano v. Goord, 250 F.3d 146, 149-50 (2d Cir. 2001), abrogated on other grounds by Porter v. Nussle, 534 U.S. 516 (2002). To avoid dismissal, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "The plausibility standard is not akin to a probability requirement.... A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 668 (2009). "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of the facts alleged is improbable, and that a recovery is very remote and unlikely." Twombly, 550 U.S. at 556 (internal quotation marks omitted). Nothing in section 1915 alters "[t]he settled rule... that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim..." McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004).

The pro se litigant is afforded "special solicitude" by interpreting a complaint filed pro se "to raise the strongest claims that it suggests." Hill v. Curcione, 657 F.3d 116, 122 (2d Cir. 2011). Courts must also liberally construe his pleadings. Weixel v. Board of Education of New York, 287 F.3d 138, 146 (2d Cir. 2002)

A. "RFRA" / 25-752 / EDNY 24-CV-332

See Decl. # 34-45. Even if the government is immune, wardens in their individual capacities plainly are not. The Order fails to even consider the warden defendants and ignores the second claim in the complaint. The complaint pleads enough facts to state a claim under the Religious Freedom Restoration Act("RFRA") pursuant to Tanzin v. Tanvir 592 U.S. 43 (2020), and should not have been dismissed.

B. "React Book" / 25-751 / EDNY 23-CV-5241

See Decl. # 46-51. The Order fails to consider this complaint. The complaint pleads enough facts to state a claim under the First and Fifth Amendments, and plainly seeks the return of illegally confiscated property.

C. "Incoming Mail" / 25-748 / EDNY 23-CV-5988

See Decl. #52-62. The government's assertions that Mr. Schulte can transmit NDI by receiving mail is absurd. The Order is not clear as to why this case was dismissed, necessitating reversal. The case is not moot upon Mr. Schulte's departure from MDC because they are not MDC conditions, but SAMs restrictions that transcend and transfer with Mr. Schulte wherever he goes. The EDNY can entertain SAMs challenges, as they are regularly made outside the inmate's prison's district; regardless, both exceptions to mootness apply here. The complaint pleads enough facts to state a claim for relief, is not moot, and should not have been dismissed.

6

D. "Monetary Damages from MDC" / 25-758 / EDNY 23-CV-8513

See Decl. #63-70. The Complaint notes on pages 2 and 14 that multiple FTCA notices were filed; this is sufficient under Fed. R. Civ. P. 8. Moreover, Judge Komitee's affirmative defenses are barred by the Supreme Court's decision in Jones v. Bock, 127 S. Ct. 910, 920 (2007); 28 U.S.C. § 1915 does not require prisoners anticipate affirmative defenses in their complaints. Accordingly, the FTCA claims are sufficiently pled in the complaints and should not have been dismissed.

The Order does not clearly address the Bivens claim, which does not involve national security; the Bivens claim was also sufficiently pled.

E. "Laptop" / 25-742 & 25-757 / EDNY 22-CV-5841 & 23-CV-5656

See Decl. #71-98. The court should reverse the dismissal of both complaints and order them joined. Judge Komitee exhibits a fundamental misunderstanding of the basic concept of res judicata. This Court ~~reverses~~ need only consult Fed. R. Civ. P. 41(b) ("a dismissal under this subdivision (b) and any dismissal not under this rule — except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 — operates as an adjudication on the merits"); cf. Pike v. Freeman, 266 F. 3d 78, 91 (2d Cir. 2001) ("To prove that a claim is precluded under this doctrine, a party must show that (1) the previous claim involved

7

an adjudication on the merits...."). It is thus clearly established law that res judicata does not attach on issues dismissed for improper venue.

## 1. 22-CV-5841

Judge Komitee first commits clear, reversible error by refusing to entertain the amended complaint. Next, the 5/25/23 Order commits clear, reversible error by raising claim preclusion on the Rule 4(g) Motion for Mr. Schulte previously seeking the same relief in the wrong venue. According to Judge Komitee, if you erroneously raise an issue in the wrong court, it's forevermore barred from consideration on the merits. This is not only absurd but contrary to clearly established law. Moreover, as Mr. Schulte sought reconsideration which was denied as moot, the 9/4/24 Dismissal Order appears to supercede the 5/25/23 Order. Regardless, Judge Komitee commits the same error, and this court must reverse the dismissal of complaint 22-CV-5841.

## 2. 23-CV-5656

Regardless of the status of 22-CV-5841, 23-CV-5656 must be reversed. The erroneous dismissal of 5841 was done without consideration of the amended complaint, and was entered without prejudice; thus Mr. Schulte is free to file the amended complaint as a subsequent action, raising the new claims never considered in the previous action, including

8

Rule 4(g) claims on the seized drives not raised previously, but also the previously dismissed Rule 4(g) claim on the laptop, as it is not precluded on res judicata grounds—and Judge Komitee is indeed compelled to entertain the new complaint and all claims therein. Accordingly, this court must reverse the dismissal of 23-CV-5656.

Moreover, as 5841 and 5656 seek similar relief, after reversal, 5841 should be joined to the lead 5656.

## F. "Habeas"/25-740/EDNY 22-CV-766

See Decl. #99-108. As argued for the "Incoming Mail" Complaint, supra at 6, conditions imposed purportedly due to SAMs transcend and transfer with Mr. Schulte wherever he goes; indeed, the prisons have SAMs units, specifically for inmates with SAMs. Accordingly SAMs conditions are an exception to the generic mootness doctrine.

Moreover, both exceptions to the mootness doctrine apply here. The conditions under which Mr. Schulte was subject at the MCC, MDC, and now ADX plainly fall under the "Capable of repetition yet evading review" exception because "(1) the challenged action is in its duration too short to be fully litigated prior to cessation or expiration; and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again." FEC v. Wis. Right to Life,

Inc., 551 U.S. 449, 462 (2007). Those conditions now ceased at ADX fall under the "Voluntary Cessation" exception because ~~XXXXXXXXXXX~~ there is a reasonable expectation that the alleged violation will recur. See Mhany Mgmt., Inc. v. County of Nassau, 819 F.3d 581, 603 (2d Cir. 2016).

Furthermore, a third exception exists — had Judge Komitee promptly addressed the complaint instead of ignoring it for 18 months until Mr. Schulte sought mandamus, the issues would have been resolved. This Circuit cannot incentivize district courts ignoring civil rights complaints of pretrial detainees on expectation of mooting them once sentenced; else pretrial detainees will effectively have no civil rights, and the government is free to torture them to coerce guilty pleas as is regularly done in New York today — both the MCC and MDC are notorious civil rights abusers which act with impunity.

In summary, the dismissal of this complaint was clear, reversible error because ~~XX~~ the mootness doctrine does not apply (1) to SAMs inmates whose conditions transcend particular prisons and instead follow the inmate to each prison; (2) due to the "capable of repetition yet evading review" exception; (3) due to the "Voluntary Cessation" exception; and (4) due to the exception for pretrial detainees who otherwise have no recourse when judges ignore their complaints in bad faith. Accordingly, this Court must reverse the complaint's dismissal.

10

G. "Commissary" / 25-745 / EDNY 23-CV-4855

See Decl. #109-113. For the reasons discussed above, supra, the commissary complaint is not moot. This complaint was only filed because the court was neglecting its duties for the larger issues in complaint 766. Regardless, it was clear, reversible error to dismiss the complaint sua sponte for mootness when the case was not in fact moot. Accordingly, this court must reverse.

## IV. DENIAL OF MOTION FOR COUNSEL WAS ERROR

See Decl. #114-119. Pursuant to 28 USC§ 1915(e)(1), a district court may appoint counsel for "any person unable to afford counsel." As a threshold requirement for appointment of counsel, the case must have some "likelihood of merit." Cooper v. A. Sargenti Co., 877 F.2d 170, 172-74 (2d Cir. 1189)(per curiam); See also Smith v. Fischer, 803 F.3d 124, 127 (2d Cir. 2015)(per curiam). In deciding a motion to appoint counsel, the court should next determine whether other criteria such as Movant's ability to obtain counsel independently, ability to investigate claims, ability to present the case, complexity of the legal issues, and "any special reason..... why appointment of counsel would be more likely to lead to a just determination." Hodge v. Police Officers, 802 F.2d 58, 61-62 (2d Cir. 1986). All factors counsel appointment of counsel in case 23-CV-5656.

Here, Mr. Schulte has a high likelihood of success as all claims depend on the government's initial warrantless search of the laptop which is documented on the record along with a federal judge's explicit instructions that the government not do so; the government did so anyway with seeming impunity.

Second, the government obstructed Mr. Schulte's ability to litigate the case by subsequently sealing the record and forbidding Mr. Schulte from accessing copies of his first complaint filed in 22-cv-5841 which included these critical transcripts. Moreover, the complexities of the case will require expert testimony from a forensic examiner as well as the examination of the seized materials to which Mr. Schulte does not have access; subpoenas and depositions from FBI agents and court officials; and other investigations that Mr. Schulte cannot perform. Mr. Schulte cannot otherwise obtain counsel.

The government's despicable conduct in this case — the warrantless search, deliberately false ~~declarations~~ warrants, the ban from independent review while providing fabricated and misleading declarations to the court — and all done with impunity—not to prosecute crime (as there are no indictments), but rather to use false, unchallengeable materials at sentencing and salacious, specious argument to vilify an innocent man is so flagitious, this court cannot permit the government a free pass — it should reverse, and order the appointment of counsel to ensure a just determination and resolution to the case.

# I. REASSIGN DISTRICT JUDGE ON REMAND

See Decl #120-124. When considering whether to reassign a case on remand, courts consider: (1) whether the original judge would reasonably be expected upon remand to have substantial difficulty in putting out of his mind previously-expressed views or findings determined to be erroneous or based on evidence that must be rejected; (2) whether reassignment is advisable to preserve the appearance of justice; and (3) whether reassignment would entail waste and duplication out of proportion to any gain in preserving the appearance of fairness. United States v. Robin, 553 F.2d 8, 10 (2d Cir. 1977) (per curiam).

Judge Komitee's Dismissal Order clearly illustrates his disdain for pro se plaintiffs, particularly incarcerated pro se plaintiffs. He does not progress any of Mr. Schulte's cases, but then violates circuit practice by sua sponte dismissing not one, but all eight. His order does not properly examine each complaint, making it impossible to review on appeal.

Furthermore, he actually falsifies and fabricates the complaints to weaken them — asserting 42 U.S.C. § 1983 claims while none exist; See p. 2, 9-10. Likewise the Bivens claim(s) he dismisses, claiming "national security" when none involved national security. He completely disregards the Supreme Court's RFRA precedent and goes so far as to falsify false facts to dismiss the FTCA claims.

13

Judge Komitee's baffling and incorrigible attempts to dismiss Rule 4(g) claims on res judicata grounds despite improper venue is simply fundamental law that students learn in the first year; moreover, his refusal to entertain the amended complaint or new claims in is beyond Conception.

The complaints and Order make clear that Judge Komitee has put forth no effort to read them or grant Mr. Schulte his lawful day in court; Judge Komitee does not believe prisoners or the poor have any civil rights or the right to access the courts. Judge Komitee does not wish to waste his time with the poor; but only wants to do business with fellow attorneys and those with the means to pay them.

Judge Komitee's reference to the 7/24/24 letter on pages 10-11 of the Order are telling; although Mr. Schulte did not seek habeas relief, but only to describe the impossibility of litigation under his current conditions — Judge Komitee callously disregards them and pretends Mr. Schulte seeks habeas relief so he can perfunctorily dismiss them.

Indeed, it's clear that Judge Komitee dismisses the complaints precisely because of the 7/24/24 letter — knowing that Mr. Schulte is in no position to litigate or challenge his decision, he abuses his

14

authority and files a patently illegal order hoping Mr. Schulte will not have the resources or capacity to make his rightful legal challenge. And indeed, Mr. Schulte is not even notified of the dismissal by the courts, but through family he must rely on as a check against the court's duplicity and attempts to nullify his civil rights.

Taken as a whole, it's clear that Judge Komitee will not be able to overcome his prejudice against the poor and wrongfully incarcerated; and that reassignment is advisable to preserve the interests of justice particularly since no waste or duplication would result as Judge Komitee neglected the cases and is clearly not even familiar with them. Accordingly, the Court should reassign a different judge on remand.

# VI. CONCLUSION

This court must reverse the dismissal of all eight complaints and remand, due to prima facie facial errors in the Dismissal Order or because the complaints themselves are all sufficient to state valid claims; and 22-CV-5841 should be joined with 23-CV-5656. The court should also reverse and grant counsel in 23-CV-5656; finally, Judge Komitee should be replaced upon remand.

Dated: April 29, 2025

Respectfully Submitted,

Josh Schulte #79471054
pro se plaintiff

## Pro Se Certificate of Compliance with

## Word or Page Limits Adapted from Federal Rules of Appellate Procedure Form 6

A document filed with the Court must not be longer than the Federal Rules of Appellate Procedure or the Court's Local Rules permit. Check the box for the document you are filing and state the number of words or pages.

❑     **Brief** contains _____ words. [14,000 word limit - LR 32.1(a)(4)(A)], or
       **Brief** contains _____ pages. [30 page limit - FRAP 32(a)(7)(A)]

❑     **Reply Brief** contains _____ words. [7,000 word limit - LR 32.1(a) (4)(B)], or
       **Reply Brief** contains _____ pages. [30 page limit - FRAP 32(a)(7)(A)]

❑     **Writ of Mandamus/Prohibition** contains _____ words. [7,800 word limit - FRAP 21(d)(1)], or
       **Writ of Mandamus/prohibition** contains _____ pages. [30 page limit - FRAP 21(d)(2)]

☑     **Motion or Response to the Motion** contains _____ words. [5,200 word limit - FRAP 27(d)(2)(A)], or
       **Motion or Response to the Motion** contains _____15_____ pages. [20 page limit - FRAP 27(d)(2)(B)]

❑     **Reply to the Motion** contains _____ words. [2,600 word limit - FRAP 27(d)(2)(C)], or
       **Reply to the Motion** contains _____ pages. [10 page limit - FRAP 27(d)(2)(D)]

❑     **Petition for Panel or En Banc Hearing** contains _____ words. [3,900 word limit - FRAP 35(b)(2)(A)], or
       **Petition for Panel or En Banc Hearing** contains _____ pages. [15 page limit - FRAP 35(b)(2)(B)]

❑     **Petition for Panel Rehearing** contains _____ words. [3,900 word limit - FRAP 40 (b)(1)], or
       **Petition for Panel Rehearing** contains _____ pages. [15 page limit - FRAP 40 (b)(2)]

February 2017

# UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

CAPTION:

Schulte

v.

United States, et al.

**CERTIFICATE OF SERVICE***

Docket Number: 25-752, 25-751, 25-748, 25-758, 25-742, 25-757, 25-740, 25-745

I, _Josh Schulte_ , hereby certify under penalty of perjury that
(print name)
on _5/6/25_ , I served a copy of _Memorandum of Law_
(date)
_in Support of Motion for Summary Reversal, Declaration in Support of Summary Reversal_
(list all documents)

by (select all applicable)**

___ Personal Delivery      _✓_ United States Mail      ___ Federal Express or other Overnight Courier

___ Commercial Carrier      ___ E-Mail (on consent)

on the following parties:

David A. Cooper, 271-A Cadman Plaza East - 7th Fl. - Brooklyn, NY 11201
Name          Address          City     State   Zip Code

Varuni Nelson, 271-A Cadman Plaza East - 7th Fl. - Brooklyn, NY 11201
Name          Address          City     State   Zip Code

_____
Name          Address          City     State   Zip Code

_____
Name          Address          City     State   Zip Code

*A party must serve a copy of each paper on the other parties, or their counsel, to the appeal or proceeding. The Court will reject papers for filing if a certificate of service is not simultaneously filed.

**If different methods of service have been used on different parties, please complete a separate certificate of service for each party.

_5/6/2025_                              _[signature]_
Today's Date                           Signature

Certificate of Service Form (Last Revised 12/2015)

Case: 25-752, 05/20/2025, DktEntry: 28.1, Page 21 of 21

Name:
Reg No.
U.S. Penitentiary MAX
P.O. Box 8500
Florence, CO. 81226-8500

CM-25-085



Coxx CO PROC 602-21

TUE 13 MAY 2025 PM

ATTN: Schulte v. United States,
25-752, 25-751, 25-748, 25-758
25-742, 25-757, 25-740, 25-745

United States Court of Appeals for the 2nd Circuit

40 Foley Square

New York, NY 10007



USM 4IL
SDN Y

U.S. OFFICIAL MAIL    PENALTY FOR
PRIVATE USE $300

US POSTAGE (IMI) PITNEY BOWES

Correction
ZIP 81226    $ 000.001
02 7H
0005951581    MAY 08 2025